| Filed By: EDWIN HUGHES PRIEST | Filed: 8/5/2014 1:45 PM | Number: CV2014-000857 | LEE County | Joyce Loftin | Judge: CRB |
|---|---|---|---|---|---|

## IN THE COUNTY COURT OF LEE COUNTY, MISSISSIPPI

**JULIA PRESLEY**                                  **PLAINTIFF**

**VERSUS**                              CAUSE NO. CV2014-000857

**CARLOCK NISSAN OF TUPELO, INC.**           **DEFENDANT**

USDC No. 1:14cv158-SA-DAS

## COMPLAINT

COMES NOW the Plaintiff, Julia Presley, by and through counsel, and files this her Complaint against the Defendant, Carlock Nissan of Tupelo, Inc. (hereinafter "Defendant") and in support would show unto the Court the following to-wit:

1. The Plaintiff, Julia Presley is an adult resident citizen of Lee County, Mississippi, residing at 335 County Road 752, Tupelo, Mississippi 38801.

2. The Defendant, Carlock Nissan of Tupelo, Inc., is a Mississippi corporation who may be served with process of this action by serving a copy of the Complaint and Summons upon its registered agent for process, Grover C. Carlock, Jr., 3969 North Gloster Street, Tupelo, Mississippi 38804.

3. That on or about December 3, 2012 Ms. Presley purchased a used 2012 Nissan Versa automobile, Vehicle Identification Number 3N1BC1CP5CK196872, from the Defendant for the sum total of Thirteen Thousand Dollars ($13,000.00). A copy of the Bill of Sale is attached as Exhibit "A" and made a part hereto by reference.

4. That as part of the purchase agreement, the 2012 Nissan Versa came with a manufacturer's warranty.

5. That shortly after the purchase, Ms. Presley's daughter for whom the vehicle was purchased began to experience severe mechanical problems with the aforementioned vehicle.

6.      As a result of the mechanical problems experienced with the aforementioned motor vehicle, Ms. Presley's daughter had the vehicle taken to Koon's Nissan in Falls Church, Virginia. Technicians with Koon's Nissan performed tests which revealed the vehicle had previous damage with regard to its radiator, as well as missing bolts in the subframe and rear engine mount. In addition, the technicians at Koon's Nissan found that the aforementioned vehicle had replacement parts instead of original manufacturer's parts.

7.      Thereafter, a Koon's Nissan technician discovered the car has previously been damaged in an accident. In concert with the technician's disclosure, a CarFax vehicle history was obtained on the subject vehicle. The CarFax history revealed the subject vehicle had been stolen on or about May 18, 2012.

8.      By letter dated September 20, 2013 to Grover C. Carlock, Jr., the registered agent for Nissan, a demand was made that the subject vehicle be repurchased due to the Defendant not disclosing all of the aforementioned information which was readily available to it.

**CAUSES OF ACTION**

**COUNT I.**

**BREACH OF CONTRACT**

9.      Plaintiff realleges and incorporates in this cause of action the allegations of paragraphs 1. through 8.

10.     The Plaintiff contends that the purchase agreement between the parties should be rescinded and the Defendant should be required to repurchase the aforementioned vehicle and to pay unto the Plaintiff the original sum as damages attended to the rescission of the said contract including the Plaintiff's reasonable attorney's fees and court costs as well as any improvements and other expenditures expended by the Plaintiff with regard to the aforementioned vehicle.

## COUNT II.

### FRAUD

11.     Plaintiff realleges and incorporates in this cause of action the allegations of paragraphs 1. through 10, inclusive of Count I.

12.     That at the time of the execution of the purchase agreement between the parties, the Defendant knew of the extent of the previous damage to the aforementioned vehicle. Defendant intentionally failed to disclose this critical information to the Plaintiff as such disclosure would have either caused the Defendant to realize a lower price for the sale of the aforementioned vehicle or would have caused the sale to fall through altogether.

13.     The Defendant knew that the Plaintiff would rely upon the Defendant's disclosures to her. Due to the Defendant's fraudulent misrepresentation of the condition of the aforementioned vehicle, the Plaintiff unknowingly purchased the vehicle based upon her belief that there were no needed repairs to the aforementioned vehicle.

14.     The Plaintiff demands judgment against the Defendant in an amount equal to the remedial costs to the aforementioned vehicle for such actual fraud, plus pre and post judgment interest, reasonable attorney's fees and court costs.

15.     The Plaintiff further seeks an award for her mental anguish, worry and anxiety and emotional distress suffered as a result of the Defendant's fraudulent actions and/or omissions.

## COUNT III.

### FAILURE TO PROPERLY DISCLOSE PURSUANT TO STATUTE

16.     Plaintiff realleges and incorporates in this cause of action the allegations of paragraphs 1. through 15, inclusive of Counts I and II.

17.     Pursuant to *Miss. Code Ann.* Sections 75-2-314 and 75-2-315, the Defendant had

a duty to disclose any previous damage with regard to the aforementioned vehicle. The Defendant breached its statutory obligation to Plaintiff by knowingly and/or negligently failing to disclose the previous damage to the aforementioned vehicle.

18.     The Defendant is liable to the Plaintiff for the amount of the Plaintiff's actual damages based upon Defendant's breach of express and limited warranties contained with the vehicle as part of the sales contract and pursuant to *Miss. Code Ann.* Sections 75-2-314 and 75-2-315 dealing with implied warranty and merchantability and fitness for a particular purpose.

**COUNT IV.**

**NEGLIGENCE**

19.     Plaintiff realleges and incorporates in this cause of action the allegations of paragraphs 1. through 18. inclusive of Counts I, II and III.

20.     In the alternative, if actual or constructive fraud on the part of the Defendant cannot be shown to the satisfaction of this Court, the Plaintiff charges the Defendant was negligent as to its disclosure of the condition of the aforementioned vehicle. Furthermore, the Plaintiff seeks as damages a reduction in the purchase price of the aforementioned vehicle, interest and costs and attorney's fees for Defendant's negligence and/or gross negligence in failing to disclose to the Plaintiff the previous damage to the aforementioned vehicle as well as other misrepresentations with regard to Defendant's disclosure. The Plaintiff also demands judgment against the Defendant due to the Plaintiff's mental anguish, worry, anxiety and emotional distress.

**COUNT V.**

**PUNITIVE DAMAGES**

21.     Plaintiff realleges and incorporates in this cause of action the allegations of

paragraphs 1. through 20, inclusive of Counts I, II, III and IV.

22.     The Defendant's willful and malicious acts of failing to properly disclose the true condition of the aforementioned vehicle entitles the Plaintiff to recover punitive damages. Alternatively, the Defendant's actions and/or omissions were done in a grossly negligent manner with a total disregard to the rights of the Plaintiff. Such gross negligence also entitles the Plaintiff to recover punitive damages.

### COUNT VI.

### MAGNUSON AND MOSS FEDERAL WARRANTY ACT

23.     Plaintiff realleges and incorporates in this cause of action the allegations of paragraphs 1. through 22, inclusive of Counts I, II, III, IV and V.

24.     Pursuant to Title 15 of the United States Code, Section 23-10(b)(2), commonly referred to as the Magnuson and Moss Federal Warranty Act, the Plaintiff is entitled to recover in addition to her damages her reasonable attorney's fees, related expenses and court costs.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Julia Presley, demands judgment against the Defendant, Carlock Nissan of Tupelo, Inc., for all of the different causes of action in an amount not to exceed the jurisdictional limits of this Court, along with prejudgment and postjudgment interest, all costs of this action as well as her reasonable attorney's fees.

Respectfully submitted, this the _31st_ day of July, 2014.

EDWIN H. PRIEST, MSB 9429
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

EDWIN H. PRIEST
PRIEST & WISE, PLLC
POST OFFICE BOX 46
TUPELO, MISSISSIPPI 38802
Telephone: (662) 842-4656
Facsimile: (662) 842-4855





# CARLOCK TOYOTA OF TUPELO, INC.

882 Cross Creek Drive
Saltillo, Mississippi 38866
Phone (662) 842-6428

**VEHICLE INVOICE**

**SOLD TO:** JULIA PRESLEY

**ADDRESS** 335 CR 752
TUPELO, MS 38801

**DATE** 12/03/12

**SALESMAN** MATT DAVIS

**STOCK NO.** P10627

| MAKE | YEAR | MODEL | BODY STYLE | COLOR | NEW OR USED | KEY NO. | SERIAL NO. (VIN NO.) |
|------|------|-------|-----------|-------|-------------|---------|----------------------|
| NISSAN | 2012 | VERSA | 5DR HB | BLUE | USED | | 3N1BC1CP5CK196872 |

**INSURANCE COVERAGE INCLUDES:**

☐ FIRE AND THEFT
☐ COLLISION - AMT. DEDUCT.
☐ PUBLIC LIABILITY - AMT.
☐ PROPERTY DAMAGE - AMT.

**OPTIONAL EQUIPMENT and ACCESSORIES**

| GROUP | DESCRIPTION | PRICE |
|-------|-------------|-------|
| | | |

| | |
|---|---|
| PRICE OF VEHICLE OPTIONAL EQUIP. & ACCESS. | 12,111.67 |
| MBI POLICY | N/A |
| SALES TAX | 618.33 |
| INSP. & TITLE RELATED FEES | 270.00 |
| **TOTAL CASH PRICE** | 13,000.00 |
| FINANCING | N/A |
| INSURANCE | |
| **TOTAL TIME PRICE** | 13,000.00 |
| **SETTLEMENT:** | |
| DEPOSIT | N/A |
| CASH ON DELIVERY | N/A |
| TRADE IN | N/A |
| LESS LIEN | N/A |
| | N/A |

THIS IS A CERTIFIED BILL OF SALE

SUBSCRIBED AND SWORN TO BEFORE ME

THIS _____ DAY OF _____ 20_____

NOTARY FOR LEE COUNTY, STATE OF MS.
I HAVE ACCEPTED DELIVERY OF THE ABOVE VEHICLE TO BE LICENSED
AND TITLE IN THE STATE OF _____

★ _____

NAME OF FINANCE COMPANY: N/A
N/A

| YEAR | MAKE |
|------|------|
| MODEL | BODY |
| SER. NO. | |

PAYMENTS:

| | |
|---|---|
| 1 AT $ 13,000.00 | |
| AT $ | 13,000.00 |
| **TOTAL** | 13,000.00 |

*(seal)* LEE COUNTY COUNTY COURT Joyce Loftin CLERK MISSISSIPPI

